UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNETH L. SKAGGS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:09 CV 346 |
|  | ) |  |
| JARROD JONES, JAYNN STOOPS, | ) |  |
| DR. RICHARD HIRSCHLER, | ) |  |
| and KOSCIUSKO COUNTY | ) |  |
| SHERIFF WILLIAM "ROCKY" | ) |  |
| GOSHERT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Defendants Jarrod Jones, Jaynn Stoops, and Kosciusko County Sheriff William "Rocky" Goshert have moved for summary judgment on plaintiff Kenneth Skaggs's complaint. (DE # 62.) For the following reasons, that motion is granted.[1]

**I. Facts and Procedural History**

The following facts are not genuinely disputed.[2] On July 22, 2008, plaintiff entered the Kosciusko County Jail ("the jail"), in Kosciusko County, IN, to serve a three-day sentence. Upon entering the jail, defendant Dr. Richard Hirschler ("Dr. Hirschler") became plaintiff's primary care physician.

---

[1] Plaintiff requested leave to file a sur-response brief. (DE # 82.) That request is granted, and the court will consider that brief. (DE # 83.)

[2] The facts that follow are construed most favorably to plaintiff, the non-moving party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998)

At the time he was booked on July 22, plaintiff was taking several medications, including Xanax, 1 mg twice a day. (DE # 74-12 at 1.) On July 22, 2008, plaintiff's wife brought plaintiff's current medications, including Xanax, to the jail. At some point during that day, someone from the jail called defendant Dr. Hirschler and informed him of the medications plaintiff was taking, including Xanax. At that point, Dr. Hirschler prescribed several medications for plaintiff, but decided to discontinue plaintiff's prescription for Xanax. Additionally, Dr. Hirschler chose not to wean plaintiff off of Xanax or prescribe some other medication that would reduce the risk that plaintiff would suffer symptoms of withdrawal from suddenly stopping the Xanax. Two days later, on July 24, 2008, plaintiff suffered a seizure and had to be taken to Kosciusko Community Hospital. The medical staff at the hospital diagnosed the seizure as being caused by benzodiazepine[3] withdrawal.

Plaintiff brought suit against several defendants, including defendants Jones, Stoops, and Goshert. (DE # 38-1.) In his second amended complaint, plaintiff brought claims against defendants Jones and Stoops, in their individual capacities under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also brought an official capacity claim under 42 U.S.C. § 1983 against and Kosciusko County Sheriff William "Rocky" Goshert. In his amended complaint, plaintiff alleges that the jail's policies, practices, or procedures caused prisoners, including plaintiff, "to either be excessively delayed in receiving necessary

---

[3] Xanax is a benzodiazepine. (DE # 74-1 at 8.)

medication, and/or caused prescribed medication to be abruptly stopped . . . ." (DE # 38-1 at 2.) Plaintiff also alleged that Goshert failed to train jail employees, which resulted in plaintiff receiving inadequate medical care. (*Id.* at 3.)

In his response to defendants' motion for summary judgment, plaintiff makes clear that he is no longer pursuing his "failure to train" claim against Goshert, or any claims against defendants Jones or Stoops. (DE # 74 at 2.) Therefore, the only claim that needs to be addressed in this opinion is plaintiff's unconstitutional policy or practice claim against defendant Goshert (*id.*), and the court will confine its analysis so this claim.

## II. Legal Standard

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there

is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

**III. Analysis**

Plaintiff's remaining claim is against defendant Goshert, the Kosciusko County Sheriff, in his official capacity. Suits against county officials in their official capacities are treated as suits against the county itself. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *Rome v. Myers*, 353 F. App'x 35, 36 (7th Cir. 2009). Thus, plaintiff's claim against defendant Goshert in his official capacity is treated as a claim against Kosciusko County ("the county").

"Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson*, 538 F.3d at 771. "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (quotations and citations omitted) (emphasis in original).

A plaintiff can establish municipal liability under Section 1983 by producing evidence of:

> "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville,* 111 F.3d 544, 548 (7th Cir. 1997)); *see also Grieveson*, 538 F.3d at 771 ("In order to survive

summary judgment on a § 1983 official-capacity claim, the plaintiff must present evidence demonstrating the existence of an 'official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department.'" (citation omitted)). "Further, the plaintiff must show that the official policy or custom was the *cause* of the alleged constitutional violation-the 'moving force' behind it." *Grieveson*, 538 F.3d at 771 (citation and quotations omitted) (emphasis in original). In his complaint, and subsequent briefs, plaintiff makes clear that he is alleging municipal liability under the first two options: an express policy or widespread practice. (DE # 38-1 at 2.)

The court will begin its analysis with plaintiff's express policy theory. "The express policy theory applies, as the name suggests, where a policy explicitly violates a constitutional right when enforced." *Calhoun v. Ramsey*, 408 F.3d 375, 379-80 (7th Cir. 2005). In this case, defendant Goshert argues that plaintiff has no evidence of any policy or bad acts that would support a policy or practice claim (DE # 63 at 17), and has thus met his initial burden on summary judgment. *Carmichael,* 605 F.3d at 460 (citing *Celotex,* 477 U.S. at 323).

In fact, defendant has submitted a portion of the Kosciusko County medical policy that specifically covers benzodiazepine withdrawal. (DE # 64-14 at 1.) Plaintiff has not pointed to any language in this policy that is "constitutionally suspect." *Ramsey*, 408 F.3d at 381; *see also Michael v. Letchinger*, No. 10 C 3897, 2011 WL 3471082, at *14

(N.D. Ill. Aug. 5, 2011).[4] Additionally, plaintiff does not argue that this benzodiazepine withdrawal policy violates a constitutional right when enforced. *Ramsey*, 408 F.3d at 381.

Thus, plaintiff's claim appears to be that omissions in the jail's policy caused plaintiff's injuries:

> [The county] had no policy, procedure[,] or protocol in effect addressing the Jail doctor's need to recognize and adequately address the significant danger of seizures faced by prisoners abruptly taken off medication. There was no policy, procedure[,] or protocol in effect requiring the jail doctor to minimize a prisoner's risk of seizures of stopping the prisoner's Xanax. There were no protocols for weaning prisoners off Xanax, for substituting the Xanax with another appropriate medication, or for prescribing an anti-convulsant medication. The decision as to how and whether to address the danger of seizures was left entirely up to the jail doctor.

(DE # 74 at 19.)

In *Ramsey*, the Seventh Circuit discussed what a plaintiff must prove to establish municipal liability under a policy omission or a widespread practice theory:

> A second way of complaining about an express policy is to object to omissions in the policy. . . . In fact, we think that it is more confusing than useful to distinguish between claims about express policies that fail to address certain issues, and claims about widespread practices that are not tethered to a particular written policy. In both of these situations, the claim requires more evidence than a single incident to establish liability. [*See City of Okla. v. Tuttle*, 471 U.S. 808, 822-23 (1985).]

---

[4] Additionally, any argument plaintiff has that the county is liable because Dr. Hirschler failed to follow this policy is unpersuasive, as "there is no respondeat superior liability" under Section 1983. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *see also Plymouth Ambulance Serv.*, 577 F.3d at 822; *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008); *Havey v. County of DuPage*, 820 F. Supp. 359, 361-62 (C.D. Ill. 1993).

7

408 F.3d at 380.

Although plaintiff's amended complaint alleges that plaintiff and other prisoners were denied medications, or received necessary medication after lengthy delays, or had prescription medications abruptly stopped, plaintiff has not presented any evidence that any of these alleged practices affected any other prisoners, or any evidence that plaintiff suffered any other injury caused by these alleged practices. In fact, he has not even alleged that this happened to him more than once. As the Seventh Circuit noted in *Ramsey*, to prove liability in a municipal liability case, the plaintiff must come forward with evidence of more "than a single incident." *Id.; see also Powell v. Furnish*, No. 1:11–CV–88, 2012 WL 2131174, at *3-5 (N.D. Ind. June 12, 2012). Plaintiff has failed to do that in this case.

Additionally, to the extent that plaintiff is arguing that his injury was caused by a widespread practice, the Seventh Circuit, as noted above, requires proof of more than a single incident to establish municipal liability. *Ramsey*, 408 F.3d at 381; *see also Grieveson*, 538 F.3d at 774-75 (four incidents of plaintiff being given medication bottle all in one lot not sufficient to create an issue of material fact); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759-60 (7th Cir. 2005) (three incidents of improper use of pepper spray not sufficient to constitute a widespread practice); *Palmer v. Marion Cnty.*, 327 F.3d 588, 595-96 (7th Cir. 2003) (two incidents of observing inmate-on-inmate violence where guards failed to intervene not sufficient to constitute widespread practice).

Plaintiff has presented no evidence that jail officials refused to provide medication, excessively delayed providing medication, or abruptly stopped medication to prisoners at the jail, other than the one incident plaintiff suffered in July of 2008. Because plaintiff has produced no such evidence, plaintiff cannot establish municipal liability, and defendant Goshert is entitled to summary judgment.

IV. Conclusion

For the foregoing reasons, defendants Jarrod Jones, Jaynn Stoops, and Kosciusko County Sheriff William "Rocky" Goshert's motion for summary judgment is (DE # 62) is **GRANTED**.[5] Because no claims remain pending against those defendants, the Clerk is directed to dismiss those defendants from the case.

**SO ORDERED.**

Date: October 19, 2012

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT

---

[5] Because defendants' motion for summary judgment has been granted, the court need not address defendants' other arguments, including the argument that certain evidence that plaintiff has submitted should be stricken. (DE # 63; DE # 77.)